[No. 7803]

## TAYLOR ET AL v. MARSHALL.

JUDGMENT—*Fraud—Relief in Equity*—One appointed administratrix with the will annexed of a non-resident testatrix advises the legatees named in the will that she has no claim against the estate and will present none.

Later, without notifying them of her change of purpose, she presents a claim and procures its allowance. The legatees, acting with diligence, are entitled to a decree vacating the order of allowance, and directing a new trial of the claim.

*Error to Denver District Court.*—Hon. CARLTON M. BLISS, Judge.

Mr. ROBERT H. KANE, for plaintiffs in error.

Mr. JOHN HORNE CHILES, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Dillie S. Aldrich resided at Solomon, Kansas. She executed a will naming the defendant in error executrix. The testatrix died at the place of her residence. The defendant in error was a resident of Colorado, and it seems could not act as executrix in Kansas, where the will was probated. For this reason a resident of Kansas was appointed administrator with the will annexed. A part of the estate was located in Denver, and the defendant in error was, by the county court in this city, appointed administratrix with the will annexed, and took charge of the property of the estate located in this state. Thereafter she filed her personal claim against the estate. The court appointed a special administrator to investigate and pass upon the validity of her claim and report to the court. In due time the special administrator filed his report with the court, recommending the allowance

of the claim, which was accordingly allowed. The special administrator appears to have acted in good faith, although notice of the pendency of the claim was not given to the beneficiaries under the will, neither were they aware of the fact that the claim had been filed against the estate. Plaintiffs in error, the legatees of the deceased, brought an action to have the allowance of the claim set aside. The basis of their action was the fraud practiced by the claimant, whereby they were prevented from contesting the claim. The trial of the case resulted in a judgment dismissing the action of plaintiffs. We think this was error.

It appears without question, that the legatees, plaintiffs in error, were not aware that the claim had been filed or allowed against the estate until something like a year after its allowance. They commenced their suit promptly after obtaining this knowledge. Sufficient appears in the record and testimony to justify a careful consideration of the validity of the claim and the amount to which the claimant may be entitled. The undisputed evidence is to the effect, that when the defendant in error was appointed administratrix with the will annexed, she advised some of the plaintiffs in error, that she did not have any claim against the estate, and would not assert one.

Her relations with the plaintiffs in error were fiduciary, and having informed them that she did not have, and would not assert a personal claim against the estate, equity and good conscience required, when she had filed a claim against the estate, that she should give the legatees notice of this fact, and thus afford them an opportunity to contest it. We think the case made by the plaintiffs, in view of all the circumstances, falls within the rule to the effect, that a court of equity will interfere to restrain the use of an advantage gained in a court of

ordinary jurisdiction, where such advantage has been gained by the fraud of the prevailing party. *Pearce* v. *Olney*, 20 Conn. 544.

The judgment of the district court is reversed with instructions to enter a judgment setting aside the allowance of the claim by the county court.

*Judgment reversed.*

Chief Justice Musser and Mr. Justice Hill concur.

### Supplemental Opinion.

Some question appears to have arisen in the minds of counsel regarding the effect of our ruling. When the judgment we have directed is entered, the matter of the claim of Miss Marshall will stand for hearing and trial *de novo*, before the county court, on notice to the parties interested in the estate of the testatrix. Nothing in the opinion is to be construed as holding that her claim is invalid. This is a question which the county court must determine, if further proceedings are had in that tribunal.

Decided October 6th, A. D. 1913.   Rehearing denied January 12th, A. D. 1914.