## No. 8792.

### TAYLOR *v*. WILDER ET AL.

1. WILL—*Definition.* A writing is of testamentary character, only when the intention of the maker is that the estate or thing mentioned shall pass upon his death, and not before. The question depends upon the words of the paper, aided by view of the circumstances attending its execution. If the intention of the maker was that the writing should become effective, only after his death, it is a will; if presently effective, it is a contract.

   By what name the maker denominates the paper is immaterial; and it may be partly a contract and partly testamentary.

2. WRITING CONSTRUED. The writing in question was in two clauses. The first declared that, for considerations mentioned, "I transfer to etc., my library, of which she is to take immediate possession."

   The second clause was in these words, "At my death she is to have my sewing machine . . . and all other personal property in my possession at the time of my death." *Held* that the latter clause was clearly testamentary.

3. PRACTICE—*Stipulation of parties.* A stipulation of parties submitting a claim against a decedent's estate upon the testimony heard at a former trial, and as to the judgment, in case of a finding for the claimant, was set aside in the County Court, as improvidently entered into. A like result ensued on appeal to the District Court. It appearing that there was no abuse of discretion, and no prejudice to any right of the claimant, the judgment was affirmed.

4. APPEAL AND ERROR—*Judgment.* No cross errors being assigned a judgment for the plaintiff in error was affirmed.

*Error to Denver District Court, Hon. William D. Wright,*
*Judge.*

Mr. JOHN HORNE CHILES, for plaintiff in error.

Mr. ROBERT H. KANE, for defendants in error.

Chief Justice White delivered the opinion of the court:

THIS case involves a claim of the plaintiff in error against
the Estate of Dillie S. Aldrich, deceased.   The claim, as pre-
sented, was for $2,829.68, and was originally allowed in
full by the County Court.   That judgment, however, was
annulled by order of this court in *Taylor v. Marshall,* 56
Colo. 214.   The cause was thereafter tried in the County
Court, appealed to the District Court, and, upon trial *de
novo,* judgment rendered therein in favor of claimant—the
plaintiff in error—for $100.   It is this judgment that is
now before us.

The essential facts are as follows:   Dillie S. Aldrich, re-
siding at Solomon, Kansas, executed a will on the 25th day
of July, 1907.   August first thereafter she executed and
delivered the following written instrument, viz.:

"For the sum of one dollar and other valuable considera-
tion, I hereby transfer to Ozetta Marshall my library, of
which she is to take immediate possession.

At my death she is to have my sewing machine, table
silver, dishes, table linen, and any and all other personal
property I may have in my possession at the time of my
death.

August First, 1907.                    DILLIE S. ALDRICH."

Within a month thereafter Dillie S. Aldrich died and her
estate was administered in this state as well as in Kansas,
as stated in *Taylor v. Marshall, supra.*

The claim of plaintiff in error, who, before her marriage,
was Ozetta Marshall, is based upon the aforesaid alleged
bill of sale or instrument in writing, and was presented to
the County Court, together with a sworn statement of in-
debtedness in the total sum of $2,829.68, represented by
personal property held by deceased at the time of her death,

as follows: Household furniture, pictures, wearing apparel, dishes, silverware, etc., in Solomon, Kansas, $100.00; two promissory notes, due and payable to deceased, in the aggregate sum of $800; cash in bank in The Citizens State Bank of Solomon, Kansas, $1,018; cash in The Colorado National Bank of Denver, Colorado, $911.68.

The judgment was for the value of the items first mentioned, consisting of household goods, etc.

Plaintiff in error contends: (1) That by the aforesaid instrument in writing she became and was the owner of all the personal property hereinbefore designated of which Dillie S. Aldrich died seized and possessed; (2) that if the instrument in writing does not invest her with the ownership of such property, she is entitled to the value thereof as reasonable compensation for services rendered Dillie S. Aldrich.

(1) Under this proposition it is essential to determine whether the writing in question is in reality a contract or only testamentary in character, or in part the one, and in part the other.

It is elementary that the legal character of instruments of this kind depends upon whether the maker intended that ownership or interest should, before his death, pass from himself and vest in the other party upon the execution of the paper, or whether such ownership or estate should pass only upon his death; and this in turn depends upon the provisions of the instrument, which may be aided by circumstances attending its execution. And the rule is that whatever may be the form of the instrument, or the circumstances attending its execution and delivery, if the intention of the maker was that it should become effective only after his death, it is a will, but, if presently effective, it is a contract. And it is immaterial what the maker calls the instrument for the law fixes its character and effect. The rule is well stated in *Powers v. Scharling,* 64 Kansas 339, 343, 67 Pac. 820, as follows:

"In determining whether an instrument be a deed or will, the question is, Did the maker intend to convey any estate

or interest whatever to vest before his death and upon the execution of the paper? Or, on the other hand, did he intend that all the interest and estate should take effect only after his death? If the former, it is a deed; if the latter, a will.

If, however, the testator (the maker of the instrument) intended that the grant should take effect upon the execution of the instrument as to certain of his property then in possession, and as to certain other of his estate not until his death, the instrument, having been properly executed, would be a contract, and irrevocable as to that part in possession and to which it was intended to vest the title, and testamentary as to the residue; * * *."

Examining the instrument here involved, we are certain that the maker thereof intended that it should be effective immediately in passing ownership of the library, and as to all other property therein mentioned, not until her death. The express words of the first clause of the instrument are immediately effective and pass a present interest. This is not true, however, as to the property covered by the second clause. On the contrary, it is clearly evident that no interest therein was intended to pass until the death of Mrs. Aldrich. She never parted with the right to deal with such property as she pleased. Had she attempted to dispose of it, or to use the money in the banks said to be a part thereof, Mrs. Taylor could not have interfered. This demonstrates that the instrument was not intended to become operative at once so as to vest ownership of such property in Mrs. Taylor.

In *Sperber v. Balster,* 66 Ga. 317, one Kohler executed a written instrument purporting to convey to Sperber 650 acres of land, in consideration of services rendered him by Sperber as a nurse. The instrument provided that it "shall have full effect" at his death. The court therein said:

"It is wholly unnecessary to cite cases or invoke precedents in construing a paper like this, with a view to get at his meaning in respect to the time when he intended title, right, property, to pass out of himself into the object of his

bounty.  It is enough to lay down the universal principle, embodied in our Code, § 2395, which is in these words: 'No particular form of words is necessary to constitute a will; and in all cases, to determine the character of an instrument, whether it is testamentary or not, the test is the intention of the maker, from the whole instrument, read in the light of the surrounding circumstances.  If such intention be to convey a present estate, though the possession be postponed until after his death, the instrument is a deed; if the intention be to convey an interest accruing and having effect only after his death, it is a will.'  So reading this instrument, we construe it to be clearly a will; at all events, we all hold that such is the better legal view of it."

And in *Kinnebrew v. Kinnebrew*, 35 Ala. 628, we find the following:

"An instrument under seal, in form a deed of gift, by which the grantor, in consideration of the natural love and affection for the grantee, who was his grandson, and the present payment of five dollars by the grantee, conveys to the latter, by the words 'do by these presents give and grant,' a slave, 'and fifteen hundred dollars in cash, to be paid to him out of my (grantor's) estate at my death, by my executor or administrator,'—*held* a deed of gift as to the slave; but as to the money, a purely voluntary executory trust, which a court of equity would not enforce as an instrument *inter vivos,* but which was valid and operative as a will."

A deed or bill of sale must take effect upon its execution or not at all.  It is unnecessary that it convey or pass an immediate interest in possession; but it must become effective in passing the interest or estate at its execution.  A will is quite the reverse and can only operate, that is, become effective in passing an interest, after death.  And an instrument may, as to one part, be a contract of sale, and as to another part, a will.  *Robinson v. Schly and Cooper*, 6 Ga. 515.  So we hold the second clause of this instrument testamentary in character; but the instrument, not being executed in the manner and form required in the execution of a will, is non-effective.  *Wilson v. Van Leer*, 103 Pa. St. 600.

2. It is claimed that the evidence shows that plaintiff in error, while teaching school in Kansas, resided with Mrs. Aldrich, to whom she paid board, and rendered material assistance in the discharge of her household duties, Mrs. Aldrich at the time being in poor health, and that the writing in question constitutes an agreement for compensation for services rendered the decedent. It is true that an agreement by one whereby he undertakes to compensate another out of his estate for services rendered, or to be rendered, binds his estate, and the person rendering the service, failing to receive the promised legacy or bequest, may claim a reasonable recompense from the estate, yet there is nothing in the facts of this case to bring it within the rule. There is not the slightest evidence, written or oral, that deceased ever agreed, either expressly or impliedly, that she would compensate plaintiff in error out of her estate for services rendered or to be rendered. There is evidence that plaintiff in error did render slight service to Mrs. Aldrich, and that the latter spent some time in the home of the former. There is no evidence, however, as to the value of such service. But the alleged right to a judgment for the value of the personal property, notes and money mentioned herein is sought to be sustained by virtue of a stipulation entered into by the parties. The stipulation provided that the cause should be submitted for determination by the County Court upon the sole issue as to whether the claim of plaintiff in error and the instrument executed by Mrs. Aldrich and delivered to plaintiff in error, was valid in law, and upon the evidence used in the prior trial, without the taking of further testimony, subject, however, to objections by either party as to incompetency, irrelevancy and immateriality. It further provided that if the finding and judgment of the County Court should be for the claimant, that judgment should be for the full amount claimed. It will be observed that the stipulation referred to the trial of the cause in the County Court, and the judgment we are now considering was the result of the trial in the District Court. Furthermore, the language of the stipulation clearly shows that it had refer-

ence only to the validity or invalidity of the second clause of the written instrument, and no question was in the minds of the parties as to the validity of the first clause. The claim of the plaintiff in error was based upon the instrument of writing and extended only to the personal property in the list filed with the claim. This did not include the library, which was the only property mentioned in the first clause.

But, apart from this, the County Court was convinced that the stipulation was inadvertently entered into, and it was not contemplated by the parties that it should have the effect which that court ascribed to it and, therefore, set it aside. Upon retrial in the District Court, plaintiff in error made a like contention as to the effect of the stipulation, and it was, by that court, set aside. We are of the opinion that the discretion of the court was not abused in the premises and that the substantial rights of plaintiff in error were in no wise prejudiced. Upon the record the plaintiff in error was entitled to no judgment whatever, but defendants in error have not assigned cross-error. The judgment will, therefore, be affirmed, and it is so ordered.

Decision *en banc.*

Mr. Justice Scott dissents.