No. 83-187

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN THE MATTER OF THE ESTATE OF
FLORENCE I. HEISER, a/k/a FLORENCE
I. BROWN, Deceased.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Herndon, Harper & Munro; Rod Hartman argued,
Billings, Montana

For Respondent:

Larry D. Herman argued, Laurel, Montana

---

Submitted: September 19, 1983

Decided: December 8, 1983

Filed: DEC 8 1983

Ethel M. Harrison
Clerk

District Court Judge Thomas A. Olson delivered the Opinion of the Court.

The Estate of Florence Heiser appeals from an order of the District Court for the Thirteenth Judicial District, Yellowstone County, approving a claim for homestead allowance by the Estate of Frank Heiser, the surviving spouse. We affirm.

Florence had previously been married to Homer Brown. They purchased a house on North 24th Street in Billings, Montana. Homer Brown died intestate in 1956, and the 24th Street house passed to Florence and their five children pursuant to the intestacy laws. Most of the children deeded their share to Florence.

In December of 1958, Florence Brown married Frank Heiser. Except for a brief period of time, the Heiser's did not live in the 24th Street house. Florence Heiser died intestate on September 6, 1980. At the time of her death, the house had been rented for a substantial period of time. She was survived by Frank Heiser and her five children from her previous marriage. Pursuant to the intestacy statutes, one-third of her estate would pass to the estate of Frank Heiser and two-thirds of her net estate to her children by her previous marriage to Homer Brown.

On September 16, 1980, Frank Heiser executed a valid will by which he left his entire estate to a former wife, Ethel Heiser. On October 29, 1980, Frank Heiser died testate. Prior to his death, Frank Heiser made no claim against the Estate of Florence Heiser for the homestead allowance, family allowance, or for exempt personal property. Neither did Frank Heiser execute a waiver of interest in the Estate of Florence Heiser.

On June 11, 1981, the Estate of Frank Heiser filed a claim for homestead allowance and exempt property with the

2

Estate of Florence I. Heiser. Because of the small size of the estate, the only property which is of sufficient worth to satisfy the homestead allowance claim would be the proceeds from the sale of the 24th Street house. The claim for homestead allowance was denied by the personal representative of the Estate of Florence Heiser on July 9, 1981, and the present action was commenced.

The District Court ordered that the petition of the Estate of Frank Heiser, for the homestead allowance in the Florence Heiser Estate, be granted. This appeal follows.

The sole issue on appeal is whether the homestead allowance vests as a matter of law in the surviving spouse upon outliving the deceased for 120 hours, or whether a surviving spouse personally must first make a claim for the homestead allowance.

Montana's homestead allowance statute, section 72-2-801, MCA, provides that a surviving spouse (defined as one who outlives his deceased spouse by 120 hours) who is domiciled in this state is entitled to a homestead allowance of $20,000. Minor or dependent children are also entitled to such an allowance. The homestead allowance is exempt from and has priority over all claims against the estate, and is in addition to any share passing to the surviving spouse or minor or dependent child by the will of the decedent unless otherwise provided, by intestate succession, or by elective share. See sections 72-2-801 and 72-2-205, MCA.

Appellant contends that because Frank Heiser failed to make an affirmative, formal claim for the homestead allowance during his lifetime, his estate is barred from making the claim. Appellant argues the right to make a claim for a homestead allowance terminates upon the surviving spouse's death.

3

We find no statutory, claim-filing requirement for the homestead allowance to vest, and decline to create such a requirement. As noted, the only statutory condition expressly set forth is that the surviving spouse survive the deceased by 120 hours. Section 72-2-205, MCA; acc. Estate of Merkel (Mont. 1980), 618 P.2d 872, 877, 37 St.Rep. 1782, 1787.

We do not believe it was the intent of the drafters of the Uniform Probate Code that the estate of a surviving spouse would lose the homestead allowance because it was not exercised while the spouse lived. If the drafters wanted such a requirement before the homestead allowance would vest, they could simply have so provided.

We are not blind to the fact that a stranger, Frank Heiser's former wife, will receive the sale proceeds of the house that was bought by Homer and Florence Brown. The homestead allowance was created primarily to protect the surviving spouse against creditors and other claims against the estate to the extent of $20,000. It is simply a grant by law to benefit the surviving spouse or his estate.

To permit the ultimate decision to be influenced by the equities and sentiments of each particular case would thus render the homestead allowance meaningless and impossible of interpretation.

When the surviving spouse dies, this protection inures to his estate just as the allowance would if it were claimed before his death. Estate of Merkel, supra.

The decision of the District Court is affirmed.

Hon. Thomas A. Olson
Sitting for Justice
Frank B. Morrison, Jr.

4

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

5