This case presents the question of whether the right to claim the homestead allowance and exempt property provided by the recently enacted Alabama probate code survives the death of the second spouse. In other words, if a surviving spouse dies without claiming a homestead allowance or exempt property out of the pre-deceased spouse's estate, may the surviving spouse's estate make these claims?
In 1982, the Alabama Legislature enacted a probate code adapted from portions of the Uniform Probate Code. 1982 Ala. Acts 578, No. 82-399; Code 1975, § 43-8-1 et seq. This Act repealed the homestead and personal property exemptions found at Code 1975, §§ 6-10-60 through -66, and enacted the "Exempt Property and Allowances" article now found at Code 1975, §§43-8-110 through -114. Act No. 82-399 took effect on January 1, 1983.
John Thomas Knight died testate on February 19, 1983, leaving a widow, Ruth C. Knight, and four children: James R. Knight, Blanche Kidd, May Lambrecht, and Lula Dell Cater. Ruth C. Knight died intestate on May 5, 1983.
Mr. Knight's will was filed for probate on June 19, 1983, and admitted to probate on June 29, 1983. The will named Lula Dell Cater as executrix, and the probate court granted her letters testamentary. The will gave a life estate in the house and furnishings to Mrs. Knight with a remainder over, plus the residue of the estate, to Mrs. Cater. It recited that Knight was "not unmindful of the fact I have other children" but was leaving everything to his one daughter "in partial payment for the many services which she has rendered me during my life time." *Page 1182 
Mrs. Knight's administrator petitioned for and secured the removal of the administration of Mr. Knight's estate to circuit court. In that court, he filed a petition for an award of homstead allowance, exempt property, and family allowance. The circuit court held that, under the express terms of § 43-8-112, Mrs. Knight's right to family allowance terminated upon her death. The court further held, however, that Mrs. Knight's estate was due to be granted a homestead allowance and exempt property, because these rights became vested when she survived Mr. Knight by five days. Section 43-8-43 provides that "[a]ny person who fails to survive the decedent by five days is deemed to have predeceased the decedent for purposes of homestead allowance, the exempt property and intestate succession. . . ."
Section 43-8-110, the "Homestead allowance," reads:
 (a) A surviving spouse of a decedent who was domiciled in this state is entitled to a homestead allowance of $6,000.00. If there is no surviving spouse, each minor child and each dependent child of the decedent is entitled to a homestead allowance amounting to $6,000.00 divided by the number of minor and dependent children of the decedent. The homestead allowance is exempt from and has priority over all claims against the estate. Homestead allowance is in addition to any share passing to the surviving spouse or minor or dependent child by the will of the decedent unless otherwise provided in the will, by intestate succession or by way of elective share.
 (b) The value of any constitutional right of homestead in the family home received by a surviving spouse or child shall be charged against that spouse or child's homestead allowance to the extent that the family home is part of the decedent's estate or would have been but for the homestead provision of the Constitution."
Section 43-8-111, "Exempt property," reads, in pertinent part:
 "If the decedent was domiciled in this state at the time of death the surviving spouse is entitled to receive, in addition to the homestead allowance, property of a value not exceeding $3,500.00 in excess of any security interests therein in household furniture, automobiles, furnishings, appliances and personal effects. If there is no surviving spouse, children of the decedent are entitled jointly to the same value. If . . . there is not $3,500.00 worth of exempt property in the estate, the spouse or children are entitled to other assets of the estate, if any, to the extent necessary to make up the $3,500.00 value. Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of homestead allowance and family allowance. These rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share."
The circuit court found that the value of Mrs. Knight's constitutional right of homestead (Art. X, § 206, Const. of 1901) was $500 and reduced the homestead allowance to $5500. This plus the exempt property amount equalled $9000. The court found this amount to exceed the value of the estate and awarded Mr. Knight's entire estate to Mrs. Knight's estate.
Section 43-8-2 (b) states that
 "The underlying purposes and policies of this chapter are:
 "(1) To simplify and clarify the law concerning the affairs of decedents.
 "(2) To discover and make effective the intent of a decedent in the distribution of his property."
A holding that the homestead allowance and exempt property vest automatically in the surviving spouse would clearly thwart the decedent's intent in this and the majority of cases. Such a holding must therefore *Page 1183 
rest either on the allowance and exemption code sections themselves or on the policy of simplifying and clarifying the law.
The Supreme Court of Montana has interpreted essentially identical Montana homestead allowance and exempt property statutes adapted from the Uniform Probate Code. In Matter ofthe Estate of Merkel, ___ Mont. ___, 618 P.2d 872 (1980), the court held that the surviving spouse's estate may be awarded a homestead allowance where the surviving spouse claimed it but died before it was awarded. The court treated the question as one of whether the interests created were fee interests or life estates. It observed that "[t]erming these interests life estates would appear to undercut one of the expressed purposes of the UPC, that is `to simplify . . . the law concerning the affairs of decedents.'" Id., ___ Mont. at ___, 618 P.2d at 877.
The Montana court further observed that the family allowance provision states that the interest terminates at the surviving spouse's death and thus the family allowance does not qualify for the marital deduction pertinent to federal estate taxes.Cf. Code 1975, § 43-8-112. The court reasoned that the omission of such a termination provision in the homestead allowance and exempt property provisions implied that they were meant to qualify for the marital deduction, and thus, under 26 U.S.C. § 2056
(1954), could not be terminable interests.
In Matter of the Estate of Heiser, ___ Mont. ___,672 P.2d 1124 (1983), the Montana court held that the surviving spouse's estate is entitled to the homestead allowance even if the surviving spouse did not claim these interests prior to death. The court relied on Merkel in holding that the interest vested upon survival by five days. It further stated, "We find no statutory, claim-filing requirement for the homestead allowance to vest, and decline to create such a requirement." Heiser, ___ Mont. at ___, 672 P.2d at 1125.
Appellant Cater states that Montana is the only jurisdiction which has considered this question, and our research has shown nothing to the contrary.[1] We nevertheless find compelling reasons to reach the opposite result, and nothing in the Montana court's reasoning persuades us otherwise.
The legislature created the homestead allowance and the exempt property provision to preserve part of the decedent's estate from creditors and to protect the surviving spouse and minor children.[2] This purpose is evident from the priority given to these rights over all other claims against the estate. If the second spouse dies shortly after the first, there is no justification based on supporting the survivor for transferring property from the estate of the first to die to that of the second. Certainly if the first spouse has left a will, the probate code favors effecting the intent expressed therein.
We disagree with the Montana court's position that the issue is whether the homestead allowance and exempt property are life estates. Once these interests are awarded to the surviving spouse, they are fee interests. The question is whether the surviving spouse must claim them or whether they vest automatically upon the second spouse's surviving the first by five days.
The law regarding the prior homestead and personal property exemptions provides little guidance because the interests created were so different. The former homestead exemption normally provided a life estate in the family homestead to the widow and minor children. If the husband's estate included no other real property, the homestead did not exceed value and acreage limits, and there were no minor children, the widow could claim a fee interest *Page 1184 
in the homestead. Nix v. McCoy, 280 Ala. 516, 195 So.2d 893
(1967). This right to obtain a fee was held to be personal and not to survive to her estate. Walker v. Hayes, 248 Ala. 492,28 So.2d 413 (1946). The current homestead allowance makes no reference to real property.
Regarding the Montana court's rationales for vesting the homestead allowance and property exemption, we see no advantage, either in simplicity or in the marital deduction, from insisting that these property rights vest even if the surviving spouse expressed no interest in them during his or her lifetime. The latter point is easily disposed of. Because of the 1981 amendments to the federal estate tax, the unified credit, 26 U.S.C. § 2010, is so large and the tax rate, § 2001, so low that no estate less than $500,000 is even tentatively liable for estate taxes. Thus, the marital deduction only applies to estates so large that the homestead allowance and the personal property exemption are insignificant.
Nor do we see any gain in simplicity in vesting the first $9,500 (less the value of the constitutional homestead exemption) of a married person's estate in a surviving spouse. Suppose a wife has $7,000 in property and writes a will leaving it to her sister. If she dies first, this property would vest automatically in her husband, regardless of his separate estate. He might renounce it, if he lives long enough to make such a choice, or the couple might provide for such an event in an ante- or post-nuptial agreement, as provided for in §43-8-72. In neither case is simplicity gained. We do not see the advantage of requiring every married couple in this state to execute post-nuptial agreements in order to write effective wills.
Another hypothetical situation illustrates the lack of simplicity inherent in vesting these interests. Both the homestead allowance and the exempt property sections state that the rights granted therein shall be in addition to property the spouse receives by intestate succession or by will "unless otherwise provided." What would be the result of holding that these rights vest upon survival by five days if the first spouse dies testate leaving certain property to the surviving spouse unless that spouse claims homestead or exempt property? Would the vesting of the statutory interests automatically deprive the surviving spouse of the devised[3] property? Or would one say that the vesting by operation of law does not defeat such a provision so long as the living spouse does not claim homestead allowance or exempt property?
Under the latter construction, the surviving spouse's estate might receive more than the spouse would if he or she lived. The estate might attempt to keep the property under the will and to claim the vested homestead allowance and exempt property. If the strained construction were continued, allowing the estate to keep the devised property only so long as it did not claim its vested rights, the goals of simplicity and clarity would be widely missed in the very attempt to reach them in spite of the decedent's intent and the purpose of homestead and exemption.
The above hypothetical presents the classic case for which prior law allowed a widow to dissent and claim dower. If her husband left her a modest amount unless she claimed her life estate in the family homestead, in which case she took nothing under the will, the widow could simply dissent and claim both dower and homestead. Even now, a surviving spouse can claim an elective share of the deceased spouse's estate, taking up to one-third of the estate. § 43-8-70. The electing spouse is also entitled to homestead allowance, exempt property, and family allowance. § 43-8-74.[4] The right of election, however, is personal, and can be exercised only during the surviving spouse's lifetime. § 43-8-71. *Page 1185 
Thus, a surviving spouse is amply protected by the probate code's exemptions, allowances, and right of election. The surviving spouse is presented with various choices, and we see no need for or merit in requiring the homestead allowance and exempt property to vest in the surviving spouse in all cases.
For the foregoing reasons, the judgment of the circuit court, insofar as it holds that Mrs. Knight's estate may claim a homestead allowance and exempt personal property, is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, SHORES, and HOUSTON, JJ., concur.
[1] Estate of Allen, 488 Pa. 415, 412 A.2d 833 (1980), interpreting a non-UPC law, held that a widow waived the family exemption by not claiming it during her lifetime.
[2] If there is no surviving spouse, adult children are entitled to the exempt property. Although an exemption in favor of such children does not protect them as dependents, it does allow them to choose some items of their parents' property even if the estate is insolvent.
[3] The definition of "devise" in § 43-8-1 (5) includes both real and personal property.
[4] But cf. UPC § 2-206 (b), providing that election requires a choice between taking under the will and claiming allowances if the will expressly so provides. The Alabama Legislature omitted this provision when it enacted § 43-8-74.