ALMON, Justice.
Muriel Nichols appeals from a judgment of the Circuit Court of Perry County granting to the estate of Doris Sealy a claim for homestead allowance, exempt property, and an elective share of the estate of Callis Sealy.
On March 2, 1984, Callis I. Sealy, a resident of Perry County, died, leaving a widow, Doris Sealy, and two daughters by previous marriages, Margaret Ann Davis Talbert and Muriel Nichols. Mr. Sealy left a will, which was duly probated, the letters testamentary being granted to Mrs. Talbert *323 on May 22, 1985. On June 24, 1985, Mrs. Sealy filed a petition for removal to the Circuit Court of Perry County and a petition for an elective share under Ala.Code 1975, § 43-8-70. About the same time, counsel for Mrs. Sealy mailed a copy of a “claim for homestead allowance, exempt property and family allowance” to counsel for Nichols. Citing Ala.Code 1975, §§ 43-8-110 through -113, that document purported to claim a homestead allowance of $6,000, exempt property in the amount of $3,500 and a family allowance of $6,000. Although it is undisputed that Nichols received that document, it was not executed by Mrs. Sealy, dated, or filed with the office of the Circuit Clerk of Perry County.
Mrs. Sealy died on September 18, 1985, with letters testamentary being awarded to two sons of a previous marriage, Emory Barnette and Roy Barnette. Emory Bar-nette filed a suggestion of death in the record, thereby substituting himself, as executor of the estate of Doris Sealy, as the proper party in this action.
On September 27, 1985, Muriel Nichols, through her attorney, filed an objection to the claim for homestead allowance, exempt property, and family allowance. The objection to the family allowance was based on Ala.Code 1975, § 43-8-112, which states: “The death of any person entitled to family allowance terminates his right to allowances not yet paid.” No issue as to family allowance is presented in this appeal.
Muriel Nichols filed a motion for summary judgment on March 10, 1986, and the case was tried on March 19. After hearing ore terms testimony and allowing counsel to file memorandum briefs in support of their positions, the circuit judge awarded the estate of Doris Sealy an elective share of $9,113.75, a homestead allowance of $6,000, and an exempt property allowance of $2,500 in cash and a 1978 model Ford automobile valued at $1,000. This appeal followed.
Nichols raises two issues: (1) Whether Mrs. Sealy’s estate is entitled to receive an elective share; and (2) Whether Mrs. Sealy’s estate is entitled to receive a homestead allowance and exempt property.
On June 24, 1985, Mrs. Sealy filed a petition for elective share pursuant to Ala. Code 1975, § 43-8-70. This petition was in proper form and in all respects in accord with the procedure for making election stated in Ala.Code 1975, § 43-8-73. Nichols claims that the trial court erred in awarding an elective share to Mrs. Sealy’s estate in the amount of $9,113.75. She contends that the separate estate of Doris Sealy was of greater value than the estate of Callis Sealy at the time of his death and that any award of elective share was in violation of § 43-8-70. That section provides in pertinent part:
“The elective share shall be the lesser of:
“1. All of the estate of the deceased reduced by the value of the surviving spouse’s separate estate; or
“2. One-third of the estate of the deceased.”
Ala.Code 1975, § 43-8-70.
During the hearing before the circuit court, both sides submitted opinion testimony in regard to the value of Mr. Sealy’s estate and the value of Mrs. Sealy’s separate estate. Testimony was presented on behalf of Mrs. Sealy’s estate that the net value of her separate estate was $7,000 at the time of Mr. Sealy’s death. The evidence also showed that the estate of Callis Sealy consisted of two life insurance policies totaling $27,341.26 and a 1978 model Ford valued at $1,000. The finding by the trial judge that Mrs. Sealy’s estate was entitled to one-third of the cash amount, or $9,113.75, as an elective share is not clearly erroneous or manifestly unjust.
“When a trial court makes findings of fact based on evidence presented ore ten-us, those findings of fact will not be disturbed on appeal unless clearly erroneous or manifestly unjust, and this rule is especially applicable in cases in which the trial court makes its findings of fact after hearing conflicting evidence; every presumption will be indulged in favor of the court’s findings, and those findings will not be disturbed unless palpably wrong.”
*324 Gulledge v. Frosty Land Foods Int'l, Inc., 414 So.2d 60, 63 (Ala.1982), citing Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala.1980). This Court will not inquire into the factfinding process, because there is no indication that the trial judge committed error or was in any regard palpably wrong.
Nichols also contends that the trial court erred in awarding a homestead allowance and exempt property to Mrs. Sealy’s estate. Ala.Code 1975, § 43-8-110, on the homestead allowance, reads as follows:
“A surviving spouse of a decedent who was domiciled in this state is entitled to a homestead allowance of $6,000.00. ... The homestead allowance is exempt from and has priority over all claims against the estate. Homestead allowance is in addition to any share passing to the surviving spouse or minor or dependent child by the will of the decedent unless otherwise provided in the will, by intestate succession or by way of elective share.”
Ala.Code 1975, § 43-8-111, on exempt property, states:
“If the decedent was domiciled in this state at the time of death the surviving spouse is entitled to receive, in addition to the homestead allowance, property of a value not exceeding $3,500.00 in excess of any security interest therein in household furniture, automobiles, furnishings, appliances and personal effects. Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of homestead allowance and family allowance. These rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share.”
Nichols argues that Mrs. Sealy did not file a proper claim for homestead allowance or exempt property during her lifetime. She cites Cater v. Coxwell, 479 So.2d 1181 (Ala. 1985), as authority for the proposition that one must file a claim in order to enjoy these benefits.
In Cater, this Court held that rights in homestead allowance and exempt property do not vest automatically in the surviving spouse, but must be claimed by the surviving spouse during his or her lifetime. Mrs. Sealy’s estate points out that her petition for elective share concluded with a prayer “for any further or different relief to which she may be entitled in the premises.” She argues that this prayer for relief constituted a claim for homestead allowance- and exempt property, at least when considered in light of the claim for homestead allowance and exempt property mailed to Nichols’s attorney.
The petition for an elective share dealt exclusively with the elective share, citing and tracking the provisions of §§ 43-8-70 and -73. The general prayer for further relief relates, therefore, to the claim for elective share, and does not constitute an implied claim for homestead allowance and exempt property. On the contrary, the facts that a claim for homestead allowances and exempt property was drafted at the same time as the petition for elective share but was not signed or filed, and that Mrs. Sealy .lived for approximately three more months without signing or filing the claim, preclude a conclusion that the general prayer for relief in the elective share petition constituted a claim for homestead allowance or exempt property.
For the foregoing reasons, the judgment of the circuit court is affirmed insofar as it awards an elective share to Mrs. Sealy’s estate, but reversed insofar as it awards a homestead allowance and exempt property.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.