## CIRCUIT COURT OF GREENE COUNTY

Helen M. Snyder

v.

Charles Edward Dean

July 5, 1994

Case No. (Law) 1360

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the motion of Helen M. Snyder, Petitioner, seeking to make elections for the estate of Romaine Butts under Article 5.1 of Title 64.1 of the Code of Virginia.

The Petitioner qualified as Administratrix of the Estate of Cozie Lee Butts on August 30, 1988, after Ms. Butts died intestate on June 24, 1988. Ms. Butts was survived by her husband, Romaine Virgil Butts, and by her son of a prior marriage, Charles Edward Dean. The value of Ms. Butts's estate was $4,643.00 and consisted primarily of tangible personal property such as household furnishings.

Romaine Butts died testate on September 27, 1988, and on September 30, 1988, the Petitioner qualified as Executrix under his will, in which Mr. Butts left all of his property to the Petitioner in her own right. During his lifetime, Mr. Butts did not exercise his right under § 64.1-151.1 *et seq.* of the Code of Virginia to claim a family allowance, exempt property, or homestead allowance from his wife's estate. The Petitioner claims, however, that these rights survive his death either as property rights or, in the alternative, as personal rights which survive under Va. Code Ann. § 8.01-25 (Michie 1989). Thus, the Petitioner asserts that she, as Executrix of the estate, may exercise these rights on Mr. Butts's behalf. The Court, however, does not agree.

The Petitioner cites § 64.1-151.4 as the basis for her prayer for relief. This section provides for the determination of family allowance, exempt property, and homestead allowance, and provides in relevant part:

the surviving spouse or the guardian of the minor children may select property of the estate as exempt property and homestead allowance. The personal representative may make these selections if the surviving spouse or the guardian of the minor children is unable or fails to do so within a reasonable time, or if there is no guardian of the minor children . . . .

The personal representative or any interested person aggrieved by any . . . failure to act under this section may petition the circuit court for appropriate relief, which relief may provide a family allowance larger or smaller than that which the personal representative determined or could have determined.

Va. Code Ann. § 64.1-151.4 (Michie 1989).

The Court attaches significance to the conditional nature of this language. Therefore, it interprets the personal representative's ability to make such selections to be contingent upon the truth of at least one of the following factors at the time the selections are to be made: (1) the "surviving spouse" still survives but is unable to make the selections, or (2) there actually exist minor children who either have no guardian or whose guardian is unable to make the selections. This Court does not interpret this section to confer this ability on the personal representative if death prohibits the "surviving spouse" from claiming the exemptions because such an interpretation is inconsistent not only with the purpose of the statute but also with the common law.

Statutes or constitutional provisions such as those codified in Article 5.1 of the Virginia Code are found in nearly every state, and their primary purpose seems to be to provide for the decedent's immediate family by protecting certain assets from the claims of unsecured creditors. *See* Model Probate Code §§ 42-44 (1946). In the case before the Court, there are no surviving family members, except the Respondent, stepson Charles Edward Dean. Thus, preserving Mr. Butts's right to make exemptions from his wife's estate not only does not further the purpose of the statute but also impedes and diminishes her son's inheritance by intestate succession. Ms. Snyder claims that this right nevertheless survives Mr. Butts's death, but her claim must fail.

Section 8.01-25, upon which Petitioner grounds her argument that Mr. Butts's right to claim exemptions survives his death, is part of the Virginia Code's chapter on "Actions" within the title "Civil Remedies and Procedure." The articles within that chapter predominantly refer to actions for injuries. In passing § 8.01-25, the legislature arguably intended to preserve

claims for injury compensation, especially in cases in which the injuries proximately caused the plaintiff's death. In the case at bar, there has been no injury and, therefore, arguably no right to compensation to preserve.

However, some provisions within the chapter inclusive of § 8.01-25 do not refer to actions for injuries. One example is § 8.01-217, which provides for changing a person's name. Nowhere in this section is it expressly required that the applicant be alive and act for himself or herself, but common sense indicates that the applicant should be alive. If Ms. Snyder's argument were to extend to this provision, the right to change one's own name would survive death. Thus, the executrix of an estate could change a decedent's name without the decedent's being alive to give consent to or to glean any benefit from such change. The Court does not wish to endorse this interpretation of the Code and thereby to distort the intention of the legislature in passing § 8.01-25. Some rights are so inherently personal that they cannot survive death, and the common law surrounding exemptions reflects such an axiom.

The Code explicitly states that the right to claim family allowances terminates upon the death of the person entitled, but the sections addressing exempt property and homestead allowance contain no such express language. Va. Code Ann. § 64.1-151.1 *et seq.* (Michie 1989). However, Virginia courts, as well as courts in other states, have interpreted these allowances to include implicit provisions of termination with the death of the person entitled.

In *Murphy v. Richmond*, the court found that the primary purpose of the homestead exemption is to conserve the family home. 111 Va. 459, 465 (1910). The court further stated that the exemption represents "a mere personal right to occupy and possess the premises, unaccompanied by any new additional title to or property interest therein." *Id.* at 465-66. Thus, the option to make a homestead exemption is a personal, not a property, right. *See also* J. Rodney Johnson, *Support of the Surviving Spouse and Minor Children in Virginia: Proposed Legislation v. Present Law*, 14 U. Rich. L. Rev. 639, 650 (1980).

The Alabama Supreme Court, interpreting Code provisions quite similar to those of the Virginia Code on exemptions, *see* Ala. Code § 43-8-110 (1975), found that the estate of a decedent's wife was not entitled to an award of homestead allowance and exempt property. *Nichols v. Barnette*, 528 So. 2d 322 (1988). The court stated that the rights of homestead allowance and exempt property "do not vest automatically in the surviv-

ing spouse but must be claimed *by the surviving spouse during his or her lifetime." Id.* at 324 (emphasis added).

Supplementary to the law of decedents' estates, bankruptcy common law yields insight into how courts have interpreted homestead and property exemptions. In *Ames v. Custis,* the court considered whether or not a surviving spouse could apply his right to a homestead allowance in a manner which would exempt property from the claims of his own personal creditors. *In re Custis,* 87 B.R. 415 (Bkrtcy. E.D. Va. 1988). The court decided that § 64.1-151.3 does not grant a surviving spouse or minor children the right to exercise for their own benefit a decedent's homestead exemption. *Id.* at 418. Another court also found that "as a general rule, exemption rights in bankruptcy are personal to the debtor, and the debtor cannot be forced to claim them." *Hollis v. State Employees' Retirement Sys. of Ill. (In re Groves),* 120 B.R. 956 (Bkrtcy. M.D. Ill. 1990) (citing 3 Collier on Bankruptcy, para. 522.05 at 522-18 (15th ed. 1990)).

Therefore, because the Court finds that the right to make a family allowance claim, exempt property claim, and a homestead exemption is a personal right which does not survive the death of the person entitled, the Court accordingly denies the Petitioner's request to claim exemptions for the estate of Romaine Butts.