**In the Matter of the ESTATE OF Dean Allen WHITTMAN and Lily Whittman, Deceased.**

**Deanna Whittman, as the personal representative of the Estate of Lily Whittman, Defendant–Appellant,**

v.

**Larry Foiles, Petitioner–Appellee.**

No. 08CA0720.

Colorado Court of Appeals, Div. VI.

March 19, 2009.

William L. Crosier, Greeley, Colorado, for Defendant–Appellant.

Witwer, Oldenburg, Barry & Johnson, LLP, John J. Barry, Greeley, Colorado, for Petitioner–Appellee.

Opinion by Judge STERNBERG.*

In this consolidated action involving a civil suit and two probate matters, Deanna Whittman, in her capacity as the personal representative for the estate of Lily Whittman (L.W. Estate), appeals from the trial court's order entering judgment for Larry Foiles (plaintiff). We affirm in part, reverse in part, and remand for further proceedings.

## I. Background

Plaintiff sued Dean Allen Whittman (defendant) alleging that he breached two agreements between the parties: (1) a farm rental agreement providing for the lease of plaintiff's farmland to defendant to harvest crops in return for one-half of the proceeds produced; and (2) an agreement providing that defendant would repair certain farm equipment. Defendant's answer denied liability and contained several counterclaims.

Defendant died before the action was tried. His wife, Lily Whittman, was substituted as a party in her capacity as personal representative of defendant's estate. How-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

ever, she died only ten months after defendant's death, still before trial in the civil action. The probate court then appointed a special administrator of defendant's estate and directed her to investigate and prepare an inventory of the estate's assets. The special administrator was also substituted as a party in the civil action, but is not a party to this appeal.

Plaintiff filed a timely probate claim against defendant's estate based on the pending civil suit. The personal representative of the L.W. Estate (the Whittmans' daughter) also filed timely claims against defendant's estate for exempt property and family allowances. Plaintiff subsequently filed a probate claim against the L.W. Estate alleging that any liability established by the civil suit would become a joint obligation of the Whittman spouses and that the L.W. Estate improperly took assets belonging to defendant's estate.

In addition to the breach of contract claims at issue in the original lawsuit and the probate claims, the trial court had to determine the status of the proceeds received by defendant's wife from the sale of farm equipment and a gun collection shortly after his death.

The trial court determined that defendant breached the farm lease agreement by not paying plaintiff the proceeds he owed from the sale of hay and also breached the second agreement by not repairing plaintiff's truck and tractor. The court found that plaintiff suffered damages in the amount of $19,964.53. It determined that defendant's wife was not personally liable to plaintiff for the breach of contract claims. However, the court concluded that the farm equipment and gun collection the wife had sold were the property of defendant's estate. The court also allowed the L.W. Estate's claim for a family allowance against defendant's estate, but denied its claim for an exempt property allowance. It further determined that the assets in the L.W. Estate were subject to a constructive trust in favor of plaintiff and allowed his probate claim against that estate in the amount of the $19,964.53 judgment.

## II. Ownership of Sales Proceeds

■ The personal representative contends that the proceeds from the sale of farm equipment and the gun collection were not properly included in defendant's estate. We disagree as to the farm equipment, but agree as to the gun collection.

Section 15–11–805(1), C.R.S.2008, creates a presumption that all tangible personal property in the joint possession or control of the decedent and his or her surviving spouse at the time of the decedent's death is owned in joint tenancy with the right of survivorship. The presumption does not arise if ownership is evidenced by a certificate of title, bill of sale, or other writing and it will not apply to (a) property acquired by either spouse before marriage; (b) property acquired by gift or inheritance; (c) property used by the decedent in a trade or business in which the surviving spouse has no interest; or (d) property held for another.

The presumption may also be overcome by a preponderance of the evidence demonstrating that ownership was held other than in joint tenancy with right of survivorship. Section 15–11–805(2), C.R.S.2008.

Here, the trial court found with record support that defendant's wife maintained independent employment and, although she executed certain documents with regard to defendant's farming activities and related obligations, she had no involvement or interest in his farming business. The court's observation that defendant's farming activities were an avocation and that he was a "hobby farmer" do not contradict or preclude its finding that he engaged in the farming business, and the sale of the crops he cultivated provided sufficient evidentiary support for that conclusion. *See Holiday Acres Prop. Owners Ass'n v. Wise,* 998 P.2d 1106, 1109 (Colo.App.2000) (credibility of witnesses; the sufficiency, probative effect, and weight of all evidence, including documentary evidence; and the inferences and conclusions to be drawn from the evidence, are within the province of the trial court, and its treatment of them will not be disturbed on review unless clearly erroneous). Further, although the personal representative appears to contend that certain items belonged to defendant's wife as a gift or inheritance under § 15–11–805(1)(b), she neither argues nor points to evidence in the record which estab-

lishes that sales proceeds related to those items were attributed to defendant's estate.

Therefore, we agree with the trial court's conclusion that the farm equipment fell within the exception to the joint tenancy presumption set forth in section 15–11–805(1)(c).

■ The trial court's determination that defendant owned the gun collection as his individual property was based solely on the auction circular which identified the sellers as "Lily Whittman & the Estate of Dean Whittman," stated that the variety of items were being sold "to settle Dean's estate," and contained a reference to "Dean's guns." However, the circular was prepared by third parties and the trial court erred in relying upon it as a "specific admission." *See Kempter v. Hurd,* 713 P.2d 1274, 1279 (Colo.1986) ("A judicial admission is a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute."). No evidence suggests that the circular reflected that defendant and his wife regarded the gun collection as defendant's individual property, and there were no records establishing his ownership. Further, the personal representative testified that defendant's wife had purchased the guns because defendant was unable to obtain the necessary approval as the result of an event that occurred many years ago.

Therefore, we conclude that the auction circular was insufficient evidence to overcome the joint property presumption created under section 15–11–805(1) and that the proceeds from the sale of the gun collection were the property of defendant's wife and the L.W. Estate.

■ We note the personal representative's contention that plaintiff, by failing to specifically assert section 15–11–805(1)(c), waived any argument on appeal that it applied. However, an appellee may raise any argument in support of the trial court's judgment, so long as the appellee does not seek to increase its rights under the judgment. *Leverage Leasing Co. v. Smith,* 143 P.3d 1164, 1167–68 (Colo.App.2006). Similarly, it is clear from the trial court's initial order and its order granting limited post-trial relief that it specifically considered section 15–11–

805, C.R.S.2008, in determining ownership of the sale proceeds.

■ Finally, despite the personal representative's argument to the contrary, the trial court correctly determined that the special administrator's factual conclusions, which omitted the sales proceeds from defendant's estate, were not binding. *See Taylor v. Marshall,* 56 Colo. 214, 215, 138 P. 25, 25 (1913) (reversing special administrator's recommendation to allow claim).

### III. Exempt Property Allowance

■ The personal representative next contends that the trial court erred when it disallowed the exempt property allowance on the ground that no individual was eligible to claim it. We agree and, on remand, we direct the trial court to allow the claim.

Section 15–11–403, C.R.S.2008, entitles a decedent's surviving spouse to exempt property from the estate in the value of $26,000. If there is no surviving spouse, the decedent's dependent children are entitled to the same exempt property. Section 15–11–405(1), C.R.S.2008, provides that, "the surviving spouse, the guardians of minor children, or dependent children who are adults may select property of the estate as their exempt property," and it directs the personal representative to make the selection if the eligible person cannot or fails to do so within a reasonable time. Section 15–11–405(3), C.R.S.2008, also mandates that no exempt property or family allowance shall be payable unless the person entitled to payment files a claim within six months.

Section 15–10–201(53), C.R.S.2008, defines the term "survive" to mean that "an individual has neither predeceased an event, including the death of another individual, nor is deemed to have predeceased an event under section 15–11–104, 15–11–702, or 15–11–712," and the term "includes its derivatives, such as ... 'surviving.'" As pertinent to this case, section 15–11–104, C.R.S.2008, provides that "[a]n individual who fails to survive the decedent by one hundred twenty hours is deemed to have predeceased the decedent for the purposes of *exempt property,* and intestate succession" (emphasis added).

Under these provisions, defendant's wife qualifies as a "surviving spouse" for purposes of the exempt property allowance. However, although the pertinent sections grant the election to the wife as a surviving spouse, they do not define the parameters of the right.

In *In re Estate of Merkel*, 190 Mont. 78, 618 P.2d 872 (1980), the Montana Supreme Court determined that the surviving spouse's right to the allowance constituted a fee interest which automatically vested upon survival and did not lapse upon death. The court observed that the Montana statute, which was modeled after the Uniform Probate Code and is similar to section 15–11–403, did not identify the interest as a "life estate" or employ language indicating that it was terminable. *Merkel*, 618 P.2d at 876–77. It also noted various concerns held by the drafters of the Uniform Probate Code indicating that they did not intend to limit the interest. *Id.* at 877.

As with the Montana statute, the only requirement for the exercise of the exempt property allowance set forth in section 15–11–403 is survival of the spouse, and no language provides for the termination of that right on death or otherwise restricts it. The silence of the statute regarding the effect of a spouse's death is in marked contrast to section 15–11–404, C.R.S.2008, which terminates the family allowance for any period arising after the death of the person entitled to it.

Although section 15–11–405(3) requires that the claim be timely filed by the "person entitled to payment thereof," the probate code's definition of "person" includes "an individual or an organization," § 15–10–201(38), C.R.S.2008, and the term "organization" is defined to include an "estate." § 15–10–201(35), C.R.S.2008. The statutory scheme does not condition vesting on a requirement that the surviving spouse file a claim during his or her lifetime, and it appears to authorize submission of a claim by an estate. Therefore, we attribute no significance to the fact that defendant's wife did not personally file the claim before her death. *See In re Estate of Smith*, 674 P.2d 972, 973 (Colo.App. 1983) (reversing court's finding that surviving spouse waived her elective share and exempt property and family allowance, and

remanding for further proceedings permitting her estate to pursue those claims); *In re Estate of Heiser*, 207 Mont. 126, 672 P.2d 1124, 1125–26 (1983) (finding no statutory requirement that surviving spouse personally must make a claim for the homestead allowance and concluding that when the surviving spouse dies, the allowance inures to his or her estate as it would if it were claimed before death).

We consider the reasoning in *Merkel* to be persuasive and, like the court in that case, decline to read into the pertinent statutes nonexistent restrictions on the exempt property allowance. *But see Cater v. Coxwell*, 479 So.2d 1181 (Ala.1985) (rejecting analysis used in *Merkel* and noting that the purpose of protecting a decedent's estate from creditors for the surviving spouse and minor children does not justify the transfer of property from the estate of the first to die to the estate of the second to die). Therefore, we conclude that the right to the exempt property claim automatically vested in defendant's wife when she survived him and that it passed to the L.W. Estate following her death. On remand, the trial court must allow the claim and make any necessary modifications to the judgment.

## IV.   Attorney Fees and Costs

We agree that plaintiff is entitled to attorney fees and costs on appeal under the fee-shifting provision of the farm rental agreement, which allows the non-defaulting party to recover fees and costs incurred to enforce the agreement or collect damages for any breach of it. However, we remand to the trial court to determine the amount of fees and costs to be awarded. *See Phoenix Capital, Inc. v. Dowell*, 176 P.3d 835, 846 (Colo. App.2007) (this court is empowered to determine whether attorney fees and costs on appeal are recoverable under a contractual fee-shifting provision, but may remand that determination to the trial court).

The judgment is reversed to the extent it determined the gun sale proceeds were assets of defendant's estate and disallowed the exempt property allowance, and the case is remanded for further proceedings to modify

the judgment as directed. The judgment is otherwise affirmed.

Chief Judge DAVIDSON and Judge MÁRQUEZ * concur.