**Larry FOILES, Petitioner**

v.

**Deanna WHITTMAN, in her capacity as Personal Representative for the Estate of Lily Whittman, Respondent.**

**No. 09SC377.**

Supreme Court of Colorado,
En Banc.

June 28, 2010.

Witwer, Oldenburg, Barry & Johnson, LLP, John J. Barry, Jacqueline Johnson, Greeley, Colorado, Attorneys for Petitioner.

William L. Crosier, Greeley, Colorado, Attorney for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

## I. Introduction

Petitioner Larry Foiles ("Foiles") appeals the court of appeals' judgment in *In re Estate of Whittman,* 220 P.3d 961 (Colo.App. 2009). The court of appeals held that the trial court erred by not permitting respondent Deanna Whittman to make a claim for an exempt property allowance in her capacity as personal representative for the estate of her mother, Lily Whittman. *Id.* at 965. We agree with the court of appeals that the right to an exempt property allowance automatically vested in Lily Whittman when she survived her husband, and thus the right passed to her estate when she died. We therefore affirm the judgment of the court of appeals.

## II. Facts and Procedural History

This case is a consolidated action involving a civil suit and several probate matters. It began when Foiles sued Dean Allen Whittman for breach of contract. Before trial, Mr. Whittman died and his wife, Lily Whittman, was substituted as a party in her capacity as personal representative of her husband's estate. Then ten months later, but before the trial could take place, Lily Whittman died. As a result, the probate court appointed a special administrator for Mr. Whittman's estate, who was substituted as a party in the civil action. The Whittmans' daughter, Deanna, was appointed personal representative for her mother's estate. Foiles then timely filed probate claims against both Whittmans' estates in light of the pending civil suit. As representative for her mother's estate, Deanna Whittman filed timely claims against her father's estate for exempt property and family allowances.

Pertinent to this appeal, the trial court granted the claim for a family allowance against Mr. Whittman's estate but denied the claim for an exempt property allowance because the request was not made until after Lily Whittman's death. On appeal, the court of appeals held that Lily Whittman's estate was permitted to assert the claim for an exempt property allowance on her behalf and directed the trial court to allow the claim. Foiles then petitioned for certiorari, which we granted on the issue of whether the court of appeals erred when it held that the personal representative of the surviving spouse's estate can rightfully claim an exempt property allowance in the decedent spouse's estate.

## III. Analysis

### A. Standard of Review

■ The issue before us is one of statutory interpretation, which we review de novo. *Spahmer v. Gullette,* 113 P.3d 158, 162 (Colo. 2005). When interpreting a statute, our objective is to give effect to the intent of the legislature. *Id.* All related provisions of an act must be construed as a whole; thus, if more than one statute addresses an issue, the statutes should be read together. *See, e.g., Bd. of Med. Exam'rs v. Duhon,* 895 P.2d 143, 146 (Colo.1995). To ascertain the legislative intent, we look first to the plain language of the statute, giving the language its commonly accepted and understood meaning. *Id.* Because it may be presumed that the General Assembly meant what it clearly said, where the statutory language is unambiguous, we do not resort to further rules of statutory construction to determine the statute's meaning. *Id.*

### B. The Exempt Property Allowance

■ Under section 15–11–403, C.R.S. (2009), a decedent's "surviving spouse" is entitled to exempt property from the decedent's estate in the value of $26,000.[1] The decedent's dependent children are entitled to the same exempt property allowance if there is no surviving spouse. *Id.* Even though Lily Whittman died ten months after her husband died, she is a surviving spouse for purposes of the exempt property statute.

The Probate Code defines the term "survive," or its derivatives, to mean that "an individual has neither predeceased an event, including the death of another individual, nor is deemed to have predeceased an event under section 15–11–104, 15–11–702, or 15–11–712." § 15–10–201(53), C.R.S. (2009). Of particular importance here, section 15–11–104, C.R.S. (2009), states that "[a]n individual who fails to survive the decedent by one hundred twenty hours is deemed to have predeceased the decedent for the purposes of *exempt property,* and intestate succession." (Emphasis added). Thus, based on a plain reading of the relevant statutory language, the only qualification for making a claim under the exempt property statute is that the spouse must survive the decedent by at least five days. Because Lily Whittman survived her husband by ten months, she was a surviving spouse entitled to the exempt property allowance.

Foiles argues that, although Lily Whittman may have been entitled to assert her

---

1. In 2009, the General Assembly made numerous amendments to the Probate Code that become effective July 1, 2010. *See* ch. 310, 2009 Colo. Sess. Laws 1670, 1670–92. Having reviewed these amendments, we conclude that they are not relevant to this appeal.

claim for exempt property while she was still living, her right to assert the claim for exempt property was extinguished when she died. Thus, according to Foiles, her estate was not permitted to make the claim on her behalf. We disagree. Nothing in the plain language of the exempt property statute demonstrates that the General Assembly intended to limit the allowance to a *living* surviving spouse. Indeed, as noted by the court of appeals in this case, the silence of the exempt property statute regarding termination of the right is in marked contrast to other similar statutes. *See In re Estate of Whittman,* 220 P.3d at 965. First, the family allowance statute, located in the Probate Code just one section away from the exempt property statute, expressly states that the allowance is "payable to the surviving spouse, *if living.*" § 15–11–404(1), C.R.S. (2009) (emphasis added). The family allowance statute further clarifies that "the death of any person entitled to a family allowance terminates the right to receive an allowance." *Id.* § 15–11–404(2). Likewise, elsewhere in the Probate Code, the elective share statute expressly provides that a right of election "may be exercised only by a surviving spouse *who is living* when the petition for the elective-share is filed in the court." § 15–11–206(1), C.R.S. (2009) (emphasis added).

Thus, it is apparent that where the General Assembly intended to limit statutory benefits under the Probate Code to living persons, it did so in a clear and express manner. When considering the plain language of the exempt property statute in contrast with the plain language of the family allowance and elective share statutes, it is evident that the General Assembly did not intend to limit claims for exempt property to living persons; rather, it only intended to limit the claim to spouses who survive the decedent by five or more days. As such, the moment Lily Whittman survived one hundred and twenty hours past her husband's death she was a "surviving spouse" under the exempt property stat-ute, and once the right to an exempt property allowance vested, she could not lose the right upon her death.[2] Thus, we agree with the court of appeals that the trial court should have granted Lily Whittman's estate's request for an exempt property allowance.

■ Foiles asks us to ignore the clear and unambiguous statutory language and instead look to the purpose of the exempt property allowance, which he argues would be undermined by a strict reading of the statute's language. Our inquiry into the meaning of a statute ends, however, where a plain reading of the statutory language renders clear the statute's meaning. *See Duhon,* 895 P.2d at 146. Furthermore, we do not see that a plain reading of the statute is inconsistent with the purpose underlying the exempt property allowance. If the General Assembly intended a different result, it has demonstrated that it can make its meaning clear through precise limiting language, which it did not do here.

## IV. Conclusion

We agree with the court of appeals that the right to an exempt property allowance automatically vested in Lily Whittman when she survived her husband's death by more than one hundred twenty hours, and thus the right passed to her estate following her death. Because Lily Whittman's estate timely filed for an exempt property allowance, the trial court should have permitted the claim. We therefore affirm the judgment of the court of appeals.

---

2. Although a surviving spouse is entitled to an exempt property allowance, the claim must be filed within the statutory period. Section 15–11–405(3), C.R.S. (2009), states that a "person entitled to payment" of an exempt property allowance must file a request for such payment within "six months after the first publication of notice to creditors for filing claims which arose before the death of the decedent, or within one year after the date of death, whichever time limitation first expires." According to the record in this case, Lily Whittman's claim was timely filed by Deanna Whittman as personal representative for her mother's estate.